IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARIE A. ENGLE                                                                           PLAINTIFF

V.                             NO. 3:08cv00055 JWC

MICHAEL J. ASTRUE,                                        DEFENDANT
Commissioner, Social
Security Administration

ORDER

Plaintiff has filed a motion for attorney's fees in this case pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 15), which counsel has recently clarified through an amendment (doc. 18) at the direction of the Court (*see* doc. 17). The amended motion seeks an EAJA award of $5,890.00 for 38.0 hours of attorney work in 2008 and 2009, at an hourly rate of $155.00.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A claimant who wins a sentence-four remand order, as Plaintiff did here (doc. 13, 14), is a prevailing party entitled to EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). In the Eighth Circuit, EAJA fees are awarded directly to the prevailing party's attorney. *Ratliff v. Astrue*, 540 F.3d 800, 801 (8th Cir. 2008), *cert. granted*, 130 S. Ct. 48 (2009) (No. 08-1322).

The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees under the EAJA, nor does he object to the amount requested (docs. 16, 19).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). Plaintiff seeks an hourly rate of $155.00 for work performed by her attorney in this case, arguing that the statutory rate should be enhanced based on the increased cost of living as evidenced in the Consumer Price Index, All Urban Consumers (CPI-U). She has presented uncontested proof of an increase in the cost of living since March 29, 1996, the effective date of the current version of the EAJA (doc. 15-4).

Where one petitioning for EAJA fees presents uncontested proof of an increase in the cost of living sufficient to justify a fee greater than the statutory rate, enhanced fees should be awarded. *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990) (CPI is "proper proof" of an increase in the cost of living). The Commissioner has not come forward with any evidence suggesting that a cost-of-living increase in the hourly rate would be unjust or improper in this case.

In cases filed by another attorney in this District, the Commissioner has agreed to pay enhanced hourly rates for attorney work based on an increased cost of living, calculating the applicable rate on an annualized basis using the mid-year CPI-U.[1] The Court believes that, if an enhanced rate is awarded to one attorney representing social security claimants due to an increased cost of living, an enhanced rate should be awarded

---

[1]The agreement is between The Bartels Law Firm and the Office of General Counsel, Region VI, Social Security Administration. It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Bartels' fee petitions in a number of cases in the Eastern District of Arkansas. *See, e.g., Bari v. Astrue*, Case No. 3:07CV00129-JWC (doc. 17-2, at 1-2).

to other attorneys requesting a comparable enhancement for the same reason. *See id.* at at 505 ("Proper proof of an increase in the cost of living should result in consistent hourly fee awards in each case, rather than disparate fee awards from each court within the district or from different courts within this circuit.").

To promote consistency in fee awards in this District, Plaintiff will be allowed the requested enhanced hourly rate of $155.00, based on the cost of living.

No objection is made to the number of hours requested. However, a review of counsel's itemization (doc. 18-3) and the record in this case demonstrates that several entries must be reduced. Counsel's itemization reflects 28.4 attorney hours for reviewing the administrative hearing transcript and preparing the brief to be filed in this case, as follows:

| | | |
|---|---|---|
| 08/12/08 | Reviewed Hearing Transcript | 4.7 |
| 08/18/08 | Prepared Rough Draft of Brief | 9.1 |
| 08/19/08 | Prepared Draft of Brief | 4.3 |
| 08/21/08 | Finished Brief and Filed | 10.3 |

Counsel's thirteen-page brief (doc. 10) raised four points for judicial review. Two of the points were irrelevant as they concerned errors at steps four and five of the prescribed sequential evaluation, when the Administrative Law Judge ended his analysis at step two (*see* doc. 13, at 13). The administrative record in this case was not lengthy, nor were the presented issues unusual or complex. The amount of time requested for reviewing the record and preparing the brief (28.4 hours) is excessive compared to what is typically requested and allowed in comparable social security cases. Therefore, the Court finds that the time requested for record review and brief preparation should be

reduced by one-half, allowing 14.2 hours rather than 28.4 as requested in the above itemized entries.

Accordingly, 23.8 hours will be allowed at an hourly rate of $155.00 for the attorney work performed in this case, for an EAJA fee award of $3,689.00.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 15), as amended (doc. 18), is granted;

(2) That Plaintiff's attorney is entitled to an award of attorney's fees in the amount of $3,689.00 pursuant to the EAJA; and

(3) That the Commissioner is directed to certify and pay to David Throesch, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 10th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE